No. 3430

**Second Circuit
(Second Division)**

**LEWIS v. SMITH ET AL.**

(May 7, 1931. Opinion and Decree.)

D. C. Scarborough, of Natchitoches, attorney for plaintiff, appellee.

J. W. Jones, Jr., of Natchitoches, attorney for defendants, appellants.

CULPEPPER, J. This is a petitory action, filed by plaintiff, alleging ownership of a certain tract of land in possession of defendant and situated in the parish of Natchitoches. The land is described in plaintiff's petition, and similarly described in judgment of the lower court, as follows: A lot of ground with all buildings and improvements thereon situated, and described as follows: That certain lot of ground purchased from P. S. Prudhomme, by act dated July 18, 1916, and recorded in Book 140, page 189, and bounded north by property of Breda, east by property of P. S. Prudhomme, south by Colored Grave Yard, and west by Springville lots; being the same property adjudicated to plaintiff, Sherman Lewis, by J. J. Payne, sheriff of the parish of Natchitoches, on the 23d day of July, 1927, and as further shown by the sheriff's deed recorded in Book 159, page 483.

Defendant Jeaneavor Lewis Smith, in answer to plaintiff's petition, denies that plaintiff is the owner of the property as alleged, but alleges that defendant and

Theodore Lewis and Taylor Lewis and the heirs of Mrs. William Peyton, deceased, and the plaintiff in this suit, are all heirs of G. Grant Lewis, deceased; that the property in question, together with other property, belonged to their said father, G. Grant Lewis, at his death, and was inherited from him by his above-named heirs; that Taylor Lewis, one of the heirs, was appointed administrator of the estate of said G. Grant Lewis, and attempted to sell, and did publicly auction in an effort to sell as administrator of the estate of G. Grant Lewis, the property described in plaintiff's petition, as well as other properties; that the pretended sale was and is illegal, null, and void and of no effect, and should be so decreed, for the following causes: (Here defendant sets forth various and numerous alleged grounds why the sale should be declared null, which this court does not deem necessary to relate for the purpose of decision in this case.)

The case was tried and resulted in a judgment decreeing plaintiff to be the owner of the property in question and as such entitled to possession, and ordering same delivered to plaintiff.

From a judgment in favor of plaintiff, defendant appealed.

Since neither plaintiff nor defendant has made any appearance before this court by counsel or by filing briefs, or otherwise, we assume the appeal has been abandoned, especially on the part of appellant, and there is nothing for this court to do but to affirm the judgment of the lower court.

Accordingly, the judgment is affirmed; appellant to pay costs of both courts.